JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGISOFT, LLC, a Washington Limited Liability Company, and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.: CV14-05368-PSG (CWx)<br><br>**JUDGMENT** |

Plaintiff ADOBE SYSTEMS INCORPORATED's ("Plaintiff" or "Adobe") Motion for Contempt ("Motion") came on for hearing Tuesday, May 5, 2015, at 10:00 A.M., before the Honorable Carla Woehrle, with counsel present for Plaintiff and counsel for Defendant appearing telephonically.  Pursuant to the Honorable Woehrle's instructions at hearing and as set forth in her civil minutes (ECF Dkt. #45), the parties have met and conferred regarding the form of this proposed judgment.  The Court has read and considered all papers and evidence filed in connection with Plaintiff's Motion against Defendant DIGISOFT, LLC ("Defendant"), and considered oral arguments at hearing, pursuant to *Federal Rules of Civil Procedure* ("F.R.Civ.P.") Rule 37(b)(2)(A).

1  IT IS HEREBY ORDERED that judgment be entered against Defendant
2  DIGISOFT, LLC, pursuant to F.R.Civ.P. Rule 37(b)(2).

3  IT IS HEREBY ORDERED that pursuant to 15 United States Code
4  ("U.S.C.") § 1117(a) for trademark infringement and 17 U.S.C. § 504(a) for
5  copyright infringement, Plaintiff may be granted damages based upon Defendant's
6  revenue.  According to these provisions, Plaintiff is required to prove Defendant's
7  gross revenue, and it is the burden of Defendant to prove all elements of cost or
8  expenses.  Plaintiff has submitted, by way of declaration and supporting exhibits,
9  its proof of Defendant's revenue, of which equates to $20,248,033.43.  Plaintiff
10 has also submitted proof of Defendant's cost of goods of Adobe®-related
11 products sold to Defendant equating to $1,357,800.00.  Accordingly, this Court
12 hereby awards Plaintiff on its claims for relief against Defendant for intentional
13 trademark and copyright infringement in the sum of $18,890,233.43 for the
14 violation of nineteen (19) trademarks and nine (9) copyrights.  Additionally,
15 Plaintiff shall be eligible for all interests accrued from the date of entry of
16 judgment in its efforts to satisfy judgment awarded by this Court.

17 IT IS HEREBY ALSO ORDERED that pursuant to 15 U.S.C. § 1117(a) for
18 trademark infringement and 17 U.S.C. § 505 copyright infringement, Plaintiff may
19 be awarded recovery of total costs and reasonable attorney's fees.  By way of
20 declaration, Plaintiff has incurred $1,791.98 in costs and $52,275.00 in attorneys'
21 fees in connection with this action.  Accordingly, this Court hereby awards such
22 amounts to Plaintiff.

23 IT IS FURTHER HEREBY ORDERED that Defendant and any person or
24 entity acting in concert with, or at Defendant's direction, are hereby restrained and
25 permanent enjoined pursuant to 15 U.S.C. § 1116, from engaging in, directly or
26 indirectly, or authorizing or assisting any third-party to engage in, any of the
27 following activities in the United States of America and throughout the world:
28     1.    purchasing, procuring, obtaining, copying, manufacturing, importing,

1 exporting, marketing, offering for sale, selling, distributing or dealing in any product or service that uses, or otherwise makes any use of, any of Plaintiff's registered trademarks, including but not limited to, ADOBE®, CREATIVE SUITE®, DREAMWEAVER®, ENCORE®, FIREWORKS®, FLASH®, FLASH BUILDER®, FIREWORKS®, ILLUSTRATOR®, INDESIGN®, SPPEDGRADE®, and PHOTOSHOP®, or comprised of any of Plaintiff's copyrighted works, including but not limited to ADOBE ACROBAT X PROFESSIONAL©, ADOBE ACROBAT X STANDARD©, ADOBE ACROBAT XI PROFESSIONAL©, and ADOBE CREATIVE SUITE 6 DESIGN AND WEB PREMIUM© software, comprising of software including but not limited to ADOBE AUDITION CS6©, PHOTOSHOP©, ILLUSTRATOR CS6©, INDESIGN CS6©, PREMIER PRO CS6© ("Plaintiff's Trademarks and Copyrights"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

2. copying or downloading, other than for personal use of validly licensed and registered ADOBE®-branded software, any software containing Plaintiff's Trademarks and Copyrights, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

3. using, in any unauthorized manner whatsoever, any of Plaintiff's Trademarks and Copyrights, trade name and/or trade dress including, but not limited to, Plaintiff's Trademarks and Copyrights at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any

items that are confusingly similar thereto, including specifically:

      i.    on or in conjunction with any product or service; and

      ii.    on or in conjunction with any advertising, promotional materials, labels, packaging, or containers;

4. using of any trademark, copyright, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff;

5. engaging in any conduct that falsely represents or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant is connected with, or is in some way sponsored by or affiliated with Plaintiff, or purchases product from or otherwise has a business relationship with Plaintiff;

6. affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff;

7. hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising materials, promotional materials, labels, packaging or containers bearing any of Plaintiff's Trademarks and Copyrights that are within Defendant's possession, custody, or control;

8. disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement,

marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing or comprised of any of Plaintiff's Trademarks and Copyrights or which otherwise refer or relate to Plaintiff or any of Plaintiff's Trademarks and Copyrights; and/or

9. if any products, advertising materials, promotional materials, labels, packaging or containers, any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing or comprised of any of Plaintiff's Trademarks and Copyrights or which otherwise refer or relate to Plaintiff or any of Plaintiff's Trademarks and Copyrights are not within Defendant's possession, custody or control, and are within the custody of any law enforcement or governmental agency, such items, upon release by law enforcement or governmental agency shall be subject to this judgment.

IT IS SO ORDERED, ADJUDICATED and DECREED this 30th day of October, 2015.

_____
HON. PHILIP S. GUTIERREZ
United States District Judge